FILED VIA ECF

**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
(609) 987-0050
Attorneys for Defendants Siemens Building Technologies, Inc.,
Gina Alladin, and Michael Bolinger

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER H. KNIERIM and JACK P. ZACCARIA,<br><br>Plaintiffs,<br><br>v.<br><br>SIEMENS CORPORATION, SIEMENS BUILDING TECHNOLOGIES, INC., ATTWATER BULE CORPORATION, BEN RAUE, JEFF HOOPER, GINA ALLADIN, and MICHAEL BOLINGER,<br><br>Defendants. | Civil Action No. 06-4935 (JCL)<br><br><br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF DEFENDANTS SIEMENS BUILDING TECHNOLOGIES, INC., GINA ALLADIN, and MICHAEL BOLINGER** |

Defendants Siemens Building Technologies, Inc. ("SBT"), Gina Alladin ("Alladin") and Michael Bolinger ("Bolinger") (collectively, the "Answering Defendants"), by and through their attorneys, Reed Smith LLP, as and for their Answer to the Amended Complaint (the "Amended Complaint") filed by Plaintiffs Christopher H. Knierim and Jack P. Zaccaria ("Plaintiffs"), say as follows:

**AS TO THE JURISDICTION**

1.      Paragraph 1 of the Amended Complaint is a statement of law to which no response is required.

## AS TO THE PARTIES

2. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint.

3. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint.

4. The Answering Defendants admit the allegations set forth in Paragraph 4 of the Amended Complaint.

5. The Answering Defendants deny the allegations set forth in Paragraph 5 of the Amended Complaint.

6. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Amended Complaint.

7. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint.

8. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint.

9. The Answering Defendants deny the allegations set forth in Paragraph 9 of the Amended Complaint.

10. The Answering Defendants deny the allegations set forth in Paragraph 10 of the Amended Complaint.

## AS TO THE FACTS

11. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint.

12. The Answering Defendants admit the allegations set forth in Paragraph 12 of the Amended Complaint.

13. The Answering Defendants deny as stated the allegations set forth in Paragraph 13 of the Amended Complaint, but admit that the allegations describe in part the business of SBT.

14. The Answering Defendants deny as stated the allegations set forth in Paragraph 14 of the Amended Complaint, but admit that SBT employs personnel in an effort to meet its business and customer needs.

15. The Answering Defendants deny the allegations set forth in Paragraph 15 of the Amended Complaint.

16. The Answering Defendants admit that Defendant Alladin was part of the decision making body responsible for certain public bids, but deny the remaining allegations set forth in Paragraph 16 of the Amended Complaint.

17. The Answering Defendants admit that beginning in or about December 2004, Defendant Alladin's responsibilities included management of the Attwater Vendor Contract, but deny the remaining allegations set forth in Paragraph 17 of the Amended Complaint.

18. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint.

19. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Amended Complaint.

20. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Amended Complaint.

21. The Answering Defendants admit that Defendant Zaccaria had a business relationship with SBT and that Defendant Alladin encountered Zaccaria during that work, but deny the remaining allegations set forth in Paragraph 21 of the Amended Complaint.

22. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Amended Complaint.

23. The Answering Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint.

24. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Amended Complaint.

25. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Amended Complaint.

26. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Amended Complaint.

27. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Amended Complaint.

28. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Amended Complaint.

29. The Answering Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30. The Answering Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31. The Answering Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

32. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Amended Complaint.

33. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Amended Complaint.

34. The Answering Defendants admit that Defendant Alladin on occasion requested that Plaintiff Zaccaria work directly with certain of SBT's hiring managers, but deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the Amended Complaint.

35. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Amended Complaint.

36. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Amended Complaint.

37. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Amended Complaint.

38. The Answering Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

39. The Answering Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

40. The Answering Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

41. The Answering Defendants deny the allegations set forth in Paragraph 41 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

42. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Amended Complaint.

43. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Amended Complaint.

44. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Amended Complaint.

45. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Amended Complaint.

46. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Amended Complaint.

47. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Amended Complaint.

48. The Answering Defendants deny the allegations set forth in Paragraph 48 of the Amended Complaint.

49. The Answering Defendants deny the allegations set forth in Paragraph 49 of the Amended Complaint.

50. The Answering Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint.

51. The Answering Defendants deny the allegations set forth in Paragraph 51 of the Amended Complaint.

52. The Answering Defendants deny the allegations set forth in Paragraph 52 of the Amended Complaint.

53. The Answering Defendants deny the allegations set forth in Paragraph 53 of the Amended Complaint.

54. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Amended Complaint.

55. The Answering Defendants deny the allegations set forth in Paragraph 55 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

56. The Answering Defendants deny the allegations set forth in Paragraph 56 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

57. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Amended Complaint.

58. The Answering Defendants deny the allegations set forth in Paragraph 58 of the Amended Complaint.

59. The Answering Defendants admit the allegations set forth in Paragraph 59 of the Amended Complaint.

60. The Answering Defendants deny the allegations set forth in Paragraph 60 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

61. The Answering Defendants deny the allegations set forth in Paragraph 61 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

62. The Answering Defendants deny the allegations set forth in Paragraph 62 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

63. The Answering Defendants deny the allegations set forth in Paragraph 63 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

64. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Amended Complaint.

65. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Amended Complaint.

66. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Amended Complaint.

67. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Amended Complaint.

68. The Answering Defendants deny the allegations set forth in Paragraph 68 of the Amended Complaint.

69. The Answering Defendants deny the allegations set forth in Paragraph 69 of the Amended Complaint.

70. The Answering Defendants deny the allegations set forth in Paragraph 70 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

71. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Amended Complaint.

72. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Amended Complaint.

73. The Answering Defendants deny the allegations set forth in Paragraph 73 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

74. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Amended Complaint.

75. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Amended Complaint.

76. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Amended Complaint.

77. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Amended Complaint.

78. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the Amended Complaint.

79. The Answering Defendants deny the allegations set forth in Paragraph 79 of the Amended Complaint insofar as they pertain to the Answering Defendants, except admit that Alladin gave a positive reference and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

80. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Amended Complaint.

81. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Amended Complaint.

82. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Amended Complaint.

83. The Answering Defendants deny the allegations set forth in Paragraph 83 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

84. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Amended Complaint.

85. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Amended Complaint.

86. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Amended Complaint.

87. The Answering Defendants deny the allegations set forth in Paragraph 87 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

88.     The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the Amended Complaint.

89.     The Answering Defendants deny the allegations set forth in Paragraph 89 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

90.     The Answering Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

91.     The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of the Amended Complaint.

92.     The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of the Amended Complaint.

93.     The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the Amended Complaint.

94.     The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Amended Complaint.

95.     The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Amended Complaint.

96.     The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Amended Complaint.

97.     The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the Amended Complaint.

98. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the Amended Complaint.

99. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Amended Complaint.

100. The Answering Defendants deny the allegations set forth in Paragraph 100 of the Amended Complaint insofar as they pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

## AS TO THE FIRST CAUSE OF ACTION

101. The Answering Defendants repeat the averments contained in the preceding paragraphs as if set forth completely herein.

102. The Answering Defendants deny the allegations set forth in Paragraph 102 of the Amended Complaint insofar as they may pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

103. The Answering Defendants deny the allegations set forth in Paragraph 103 of the Amended Complaint insofar as they may pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

104. The Answering Defendants deny the allegations set forth in Paragraph 104 of the Amended Complaint insofar as they may pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

105. The Answering Defendants deny the allegations set forth in Paragraph 105 of the Amended Complaint insofar as they may pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

**AS TO THE SECOND CAUSE TO ACTION**

106.   The Answering Defendants repeat the averments contained in the preceding paragraphs as if set forth completely herein.

107.   The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 107 of the Amended Complaint.

108.   The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 108 of the Amended Complaint.

109.   The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of the Amended Complaint.

110.   The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the Amended Complaint.

111.   The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of the Amended Complaint.

112.   The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of the Amended Complaint.

113.   The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 113 of the Amended Complaint.

114.   The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the Amended Complaint.

115.   The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 115 of the Amended Complaint.

116.   The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of the Amended Complaint.

## AS TO THE THIRD CAUSE OF ACTION

117. The Answering Defendants repeat the averments contained in the preceding paragraphs as if set forth completely herein.

118. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the Amended Complaint.

119. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the Amended Complaint.

120. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the Amended Complaint.

121. The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 121 of the Amended Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

122. The Answering Defendants repeat the averments contained in the preceding paragraphs as if set forth completely herein.

123. The Answering Defendants deny the allegations set forth in Paragraph 123 of the Amended Complaint.

124. The Answering Defendants deny the allegations set forth in Paragraph 124 of the Amended Complaint insofar as they may pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

125. The Answering Defendants deny the allegations set forth in Paragraph 125 of the Amended Complaint insofar as they may pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

126. The Answering Defendants deny the allegations set forth in Paragraph 126 of the Amended Complaint insofar as they may pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

127. The Answering Defendants deny the allegations set forth in Paragraph 127 of the Amended Complaint insofar as they may pertain to the Answering Defendants, and deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against the Answering Defendants and further fails to state facts sufficient to entitle the Plaintiffs to the relief sought, or to any other relief whatsoever from the Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

All of the Plaintiffs' claims against the Answering Defendants are barred because any and all of the information the Answering Defendants communicated to any third person regarding the Plaintiffs was true.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred for failure to specifically identify with specificity the allegedly slanderous statements.

## FOURTH AFFIRMATIVE DEFENSE

Any purported damages allegedly suffered by the Plaintiffs are the result of the acts or omissions of third persons over whom the Answering Defendants had neither control nor responsibility.

**FIFTH AFFIRMATIVE DEFENSE**

Any damages which the Plaintiffs may have suffered, which the Answering Defendants continue to deny, were the direct and proximate result of the conduct of the Plaintiffs. Therefore, the Plaintiff is estopped and barred from recovery of any damages.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred because the Answering Defendants' actions, if any, are subject to a qualified privilege.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims by the Plaintiffs are barred by their unclean hands or the unclean hands of their agents.

**EIGHTH AFFIRMATIVE DEFENSE**

All claims for relief in the Amended Complaint herein are barred by the applicable statutes of limitation and/or repose.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiffs failed to mitigate any alleged harm and damage.

**TENTH AFFIRMATIVE DEFENSE**

The claims by the Plaintiffs are barred, in whole or in part, by the doctrines of laches, estoppel, and/or waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' alleged injuries were not caused by the Answering Defendants, but by independent intervening causes which had no relation in fact to any conduct of the Answering Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims by the Plaintiffs are barred because the Answering Defendants, at all times, complied with all applicable industry standards, local and industry customs, government regulations, and legal rules and statutes, both State and Federal.

**THIRTEENTH AFFIRMATIVE DEFENSE**

An award of punitive damages against the Answering Defendants is barred because the Plaintiffs have not alleged conduct, nor have the Answering Defendants engaged in conduct, sufficient to warrant an award of punitive damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any award of punitive damages is barred by the privileges provided by the Fifth, Sixth, and Eighth Amendments to the United States Constitution and by equivalent protections provided by the Constitution of New Jersey.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Answering Defendants' statements, if any, constitute fair comment made in good faith and without malice on a matter of public interest.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Answering Defendants' statements, if any, were not defamatory *per se*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Answering Defendants' statements, if any, were not extreme and outrageous.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Answering Defendants' statements, if any, were without malice.

### NINETEENTH AFFIRMATIVE DEFENSE

The Answering Defendants reserve the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

### CROSSCLAIM FOR CONTRIBUTION

Without admitting any liability whatsoever, to the extent the Answering Defendants become indebted to Plaintiffs, whether by order, judgment, settlement or otherwise, the Answering Defendants demand judgment for contribution from the other defendants to the fullest extent under common law, contract law and by statute, including but not limited to the New Jersey Joint Tortfeasors Contribution Act.

### CROSSCLAIM FOR INDEMNITY

Without admitting any liability whatsoever, to the extent the Answering Defendants become liable or indebted to Plaintiffs, whether by order, judgment, settlement or otherwise, the Answering Defendants demands judgment for indemnity from the other defendants to the fullest extent under common law, contract law and by statute.

**WHEREFORE**, the Answering Defendants respectfully demand judgment as follows:

a) Dismissing the Plaintiffs' Complaint in its entirety, with prejudice;

b) Granting the Answering Defendants' relief on their Cross-claims;

c) Awarding the Answering Defendants their reasonable attorneys' fees and costs of suit;

d) Awarding the Answering Defendants such other and further relief as is just and proper.

                              **REED SMITH LLP**

                    By:   /s/ Anthony J. Laura
                          Anthony J. Laura
                          Princeton Forrestal Village
                          136 Main Street, Suite 250
                          Princeton, New Jersey 08540
                          (609) 987-0050
                          Attorneys for Defendants
                          Siemens Building Technologies, Inc.,
                          Gina Alladin, and Michael Bolinger

*Dated*: December 21, 2006