LAW OFFICES

# HALLOCK & CAMMAROTA, LLP

600 VALLEY ROAD
WAYNE, NEW JERSEY 07470

JOSEPH A. HALLOCK ◊ *
PIETRO CAMMAROTA †
KENNETH ROSELLINI †
ANDREW SANGEORGE ∆
   OF COUNSEL

(973) 692-0001
Fax (973) 692-0011
E-Mail Lawyers@HalCamLaw.com

◊ NEW JERSEY AND FLORIDA BARS
† NEW JERSEY AND NEW YORK BARS
∆ NEW JERSEY AND WASHINGTON, DC BARS
* FELLOW, AMERICAN COLLEGE OF TRUST
  AND ESTATE COUNSEL

March 26, 2007

Honorable John C. Lifland, U.S.D.J.
US District Court, District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

    Re:    **Knierim v. Siemens Corporation**
            **Docket No.: 06-4935 (JCL)**
            **Objection to Consideration of the Supplemental Declaration**
            **of Jeff Hooper filed by the Attwater Defendants in Their Reply**
            **Motions Pending for Return Date March 26, 2007**

Dear Judge Lifland:

    Your Honor, please be advised that this office represents the Plaintiffs Christopher H. Knierim and Jack P Zaccaria in the above-referenced matter in which the Defendants, Attwater Blue Corporation, Ben Raue and Jeff Hooper have motions pending for, *inter alia*, change of venue, dismissal for lack of jurisdiction and dismissal for failure to state a claim. By way of this letter, Plaintiffs object to the consideration of the Supplemental Declaration of Jeff Hooper in connection with the above-referenced matter, because that declaration, as well as the arguments propounded by the Defendants that the Plaintiff, Zaccaria had agreed to a forum selection clause, were submitted outside the scope of "the limited purpose of responding to the nonmoving party's arguments or reinforcing the moving party's original position" but rather set forth an entirely new argument for which the Plaintiffs have not had the opportunity to respond. *See Harbour Cove Marine Services, Inc. v. Rabinowitz*, 2005 WL 1038957, 5 (D.N.J. 2005) [citing *Bayer AG v. Schein Pharmaceutical, Inc.*, 129 F.Supp.2d 705, 716 (D.N.J. 2001)]. It is respectfully submitted, that if this line of argument is to be considered that the Plaintiffs be permitted to file a Sur-Reply in accordance with Local Rule 7.1(d).

    The grounds for this objection are that the Attwater Defendants did not argue that Plaintiff, Zaccaria had agreed to a forum selection clause in their moving papers, had submitted no evidence in support of such a proposition in their moving papers, and the Plaintiff, Zaccaria strenuously disputes that he had agreed to any such clause. Attached to this letter is a proposed *Certification of Zaccaria* which sets forth that he did not agree to the forum selection clause, that the employment "arrangement" he referred to in the e-mails attached to Hooper's Declaration did not contemplate a forum selection clause, that the dispute over the notice provision was material

to his agreeing to any terms as proposed by Attwater and that indeed agreements had been proposed by Attwater in the past which did not include a forum selection clause. It is respectfully submitted that if Plaintiffs objection to the consideration of Hooper's Declaration is not sustained, that Plaintiffs be allowed to submit Zaccaria's Certification as a Sur-Reply.

Finally, if Hooper's Delcaration is considered, Plaintiffs submit that it further demonstrates the need for jurisdictional discovery in this matter, as the e-mails attached between Hooper and Zaccaria as exhibits include reference by Zaccaria to his recruiting for "EE's in NJ" on behalf of Attwater. As set forth in Zaccaria's Certification, EE is the title of a position known as "Energy Engineer" for which Zaccaria was recruiting for projects in New Jersey, and the EE position was a hard position to recruit for due to the low supply of qualified candidates and the high level of technical expertise required for the position. *See Zaccaria Certification.* This supports Plaintiffs' arguments regarding the high level of contacts that the Defendants had in New Jersey.

We, therefore, respectfully request that Your Honor should not accept the Declaration of Hooper in consideration of the pending motion, or, in the alternative, accept the Certification of Zaccaria attached hereto as a Sur-Reply.

Thank you Your Honor for your consideration and attention to this matter. If you have any questions, please do not hesitate to contact this firm at the above address.

Respectfully submitted,

Kenneth Rosellini

Cc: Greg A. Dadika, Esq. (via facsimile)
Kenneth J. Ashman, Esq. (via facsimile)
Jay R. McDaniel, Esq. (via facsimile)