UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
(VICINAGE OF NEWARK)

Kenneth J. Ashman
Daniel T. Novellano
ASHMAN LAW OFFICES, LLC
55 West Monroe Street, Suite 2650
Chicago, Illinois  60603
(312) 596-1700

Jay R. McDaniel
MCDANIEL CHUSID, LLP
Park 80 West, Plaza 1
Saddle Brook New Jersey 07663
(201) 845-3232

*Attorneys for Defendants Attwater Blue
Corporation, Ben Raue, and Jeff Hooper*

------------------------------------------------------x
CHRISTOPHER H. KNIERIM and JACK P.      :
ZACCARIA,                                :
                                         :
            Plaintiffs,                  :
                                         :   Docket No.:  06-4935 (JCL)
      v.                                 :
                                         :   Honorable Susan D. Wigenton
SIEMENS CORPORATION, SIEMENS             :
BUILDING TECHNOLOGIES, INC.,             :
ATTWATER BLUE CORPORATION, BEN           :
RAUE, JEFF HOOPER, GINA ALLADIN and      :
MICHAEL BOLINGER,                        :
                                         :
            Defendants.                  :
------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

Defendants Attwater Blue Corporation ("Attwater"), Ben Raue ("Raue") and Jeff Hooper ("Hooper") (collectively, "Defendants"), through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion to Strike Plaintiffs' March 26, 2007 Letter to Judge John C. Lifland and Attachments Thereto.

**PRELIMINARY STATEMENT**

Plaintiffs' letter to this Court, dated March 26, 2007 (and attached hereto as Exhibit A), is both procedurally improper and factually inaccurate. Plaintiffs improperly seek relief by letter which should be requested by motion. Further, the letter purports to request leave to file a sur-reply, then goes on to, in effect, present the substance of the requested sur-reply without obtaining leave to do so. The letter and attached certification does exactly what Plaintiffs have accused Defendants of doing: presented new (and in this case, irrelevant) factual allegations without affording the other side an opportunity to respond. Finally, Plaintiffs' accusations that Defendants' reply sets forth new arguments is without merit, as Plaintiffs rely on Defendant Jack P. Zaccaria's independent contractor agreement in their Amended Complaint and their Memorandum in Opposition to Defendants' Motion to Dismiss and/or Transfer Venue (the "Memorandum in Opposition"). Each of these points will be discussed in more detail in turn.

**ARGUMENT**

**A.**     **Plaintiffs Improperly Requested Relief Via Letter**

Nowhere in the Federal Rules of Civil Procedure or in this District's local rules is it authorized that a party may file a motion via a mere letter to a judge without so much as accompanying the filing with a Notice of Motion. Yet, Plaintiffs do just that in their letter submission to Court where they seek leave to file sur-reply papers. In fact, L.Civ.R. 7.1(d)(1) specifically states, in pertinent part: "No application shall be heard unless the moving papers and a brief . . . are filed with the Clerk at least 24 days prior to the noticed motion date." As is evident from Defendants' motion to dismiss/transfer and accompanying memoranda, Defendants are reasonable and would likely agree to waive the full 24 day notice period. Nonetheless, to proceed in the fashion employed by Plaintiffs

is to place Defendants in a disadvantage. As such, and on this basis alone, Plaintiffs' letter-motion should be stricken.

**B.** **The Letter Improperly Functions as a Sur-Reply**

The substance of Plaintiffs' letter and the Certification attached thereto are a perfect illustration of the need to make a request for such relief in the form of a motion. Plaintiffs nominally seek permission from this Court to file a sur-reply to Defendants' Motion to Dismiss and/or Transfer Venue, pursuant to New Jersey Local Civil Rule 7.1(d)(6), on the basis that Defendants raise new arguments as to whether Plaintiff Zaccaria's contract with Attwater contained a forum selection clause. L.Civ.R. 7.1(d)(6) states: "No sur-replies are permitted without permission of the Judge or Magistrate Judge to which the case is assigned." While Plaintiffs state they merely seek leave to file a sur-reply, their letter and attached Certification contain both factual matters and legal arguments sufficient to function as a sur-reply on its own.

In so doing, Plaintiffs deny Defendants any opportunity to respond to the arguments contained therein. Specifically, Plaintiffs include factual statements in Zaccaria's Certification that are <u>unrelated</u> to the existence of a forum selection clause, but instead relate to, among other things, the degree of contact Zaccaria had with the State of New Jersey – effectively sneaking in a sur-reply on issues that even Plaintiffs do not suggest need further submissions. *See Certification of Jack P. Zaccaria in Sur-Reply to Reply Filed by Defendants' in Support of Motion for Dismissal and Change of Venue* ¶¶ 7-9. By presenting them in a letter rather than a proper motion, Plaintiffs place these irrelevant statements before the Court without allowing Defendants an opportunity to counter.[1]

---

[1] It appears from a close reading of Plaintiffs' letter that these facts may be offered less in support of their request for a sur-reply than as the basis for a request for jurisdictional discovery – a request that, rather than being one for leave to file a sur-reply, is *itself* a sur-reply to the issue of jurisdictional discovery raised in Plaintiffs Memorandum in Opposition.

For these reasons, Plaintiffs' choice to request relief by letter is not merely a procedural issue with little practical effect. Instead, it deprives Defendants' of the opportunity to respond to multiple substantive arguments. Plaintiffs's letter to this Court should be stricken to alleviate the prejudice it has caused to Defendants.

C.   **Plaintiffs' Request for a Sur-Reply Fails on its Merits**

Even if the Court chooses to consider the merits of Plaintiffs' letter (and it should not), it should not grant Plaintiffs request to file a sur-reply. And, since Plaintiffs' letter is, in and of itself, a functional sur-reply, it should be stricken on the merits.

In his Amended Complaint, Zaccaria alleges that he had an independent contractor agreement between himself and Attwater, and premises claims for relief upon the existence of this agreement. Further, Zaccaria's arguments in his Memorandum in Opposition are similarly based upon the existence of an agreement between him and Attwater. As such, it is simply disingenuous to state that the terms of that agreement may not be considered on reply, especially when the term in question is a forum selection clause and Plaintiffs' argue explicitly, in their Memorandum in Opposition, that venue is proper in Zaccaria's case.

In the letter of Plaintiffs' counsel to the Court, such counsel correctly states that a reply is for "the limited purpose of responding to the nonmoving party's arguments or reinforcing the moving party's original position." Exhibit A at 1. However, Plaintiffs fail to appreciate that Defendants' argument as to the terms of Zaccaria's agreement, and the attachment exhibiting evidence thereof, are squarely within the subject matter raised by Plaintiffs in their response. For example, Plaintiffs argue, in reference to both Knierim and *Zaccaria*, that "the independent contracts which were entered into by and between Attwater and the Plaintiffs were made with the understanding that Plaintiffs would be located in and operate out of New Jersey. . . ." Plaintiffs'

-4-

Memorandum in Opposition at 14.  As such, it was perfectly appropriate for Defendants to attach a copy of the terms of the contract to which Zaccaria agreed.

Because Defendants submitted no arguments outside the scope of Plaintiffs' Memorandum in Opposition, there is no need for a sur-reply on the part of Plaintiffs.  For these reasons, as well as those discussed above, Plaintiffs' letter requesting a sur-reply, and all attachments thereto, should be stricken.  Since it should also be stricken on the merits, it should be stricken with prejudice.

## CONCLUSION

For all of the above-discussed reasons, it is respectfully requested that this Court grant in full the instant motion and issue an Order striking with prejudice Plaintiffs' March 26, 2007 letter to this Court and all attachments thereto, and provide such other and further relief as this Court may deem just and proper.

Dated:  April 11, 2007

                                                   MCDANIEL CHUSID, LLP
                                                   Park 80 West, Plaza 1
                                                   Saddle Brook New Jersey 07663
                                                   (201) 845-3232

                                                   By:  /s Jay R. McDaniel
                                                              Jay R. McDaniel

                                                   Kenneth J. Ashman
                                                   Daniel T. Novellano
                                                   ASHMAN LAW OFFICES, LLC
                                                   55 West Monroe Street, Suite 2650
                                                   Chicago, Illinois  60603
                                                   (312) 596-1700

                                                   *Attorneys for Defendants Attwater Blue*
                                                   *Corporation, Ben Raue, and Jeff Hooper*

LAW OFFICES

# HALLOCK & CAMMAROTA, LLP

600 VALLEY ROAD
WAYNE, NEW JERSEY 07470

JOSEPH A. HALLOCK ◊ *
PIETRO CAMMAROTA †
KENNETH ROSELLINI †
ANDREW SANGEORGE ∆
OF COUNSEL

(973) 692-0001
Fax (973) 692-0011
E-Mail Lawyers@HalCamLaw.com

◊ NEW JERSEY AND FLORIDA BARS
† NEW JERSEY AND NEW YORK BARS
∆ NEW JERSEY AND WASHINGTON, DC BARS
* FELLOW, AMERICAN COLLEGE OF TRUST
AND ESTATE COUNSEL

March 26, 2007

Honorable John C. Lifland, U.S.D.J.
US District Court, District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Re: Knierim v. Siemens Corporation
Docket No.: 06-4935 (JCL)
Objection to Consideration of the Supplemental Declaration
of Jeff Hooper filed by the Attwater Defendants in Their Reply
Motions Pending for Return Date March 26, 2007

Dear Judge Lifland:

Your Honor, please be advised that this office represents the Plaintiffs Christopher H. Knierim and Jack P Zaccaria in the above-referenced matter in which the Defendants, Attwater Blue Corporation, Ben Raue and Jeff Hooper have motions pending for, *inter alia*, change of venue, dismissal for lack of jurisdiction and dismissal for failure to state a claim. By way of this letter, Plaintiffs object to the consideration of the Supplemental Declaration of Jeff Hooper in connection with the above-referenced matter, because that declaration, as well as the arguments propounded by the Defendants that the Plaintiff, Zaccaria had agreed to a forum selection clause, were submitted outside the scope of "the limited purpose of responding to the nonmoving party's arguments or reinforcing the moving party's original position" but rather set forth an entirely new argument for which the Plaintiffs have not had the opportunity to respond. *See Harbour Cove Marine Services, Inc. v. Rabinowitz*, 2005 WL 1038957, 5 (D.N.J. 2005) [citing *Bayer AG v. Schein Pharmaceutical, Inc.*, 129 F.Supp.2d 705, 716 (D.N.J. 2001)]. It is respectfully submitted, that if this line of argument is to be considered that the Plaintiffs be permitted to file a Sur-Reply in accordance with Local Rule 7.1(d).

The grounds for this objection are that the Attwater Defendants did not argue that Plaintiff, Zaccaria had agreed to a forum selection clause in their moving papers, had submitted no evidence in support of such a proposition in their moving papers, and the Plaintiff, Zaccaria strenuously disputes that he had agreed to any such clause. Attached to this letter is a proposed *Certification of Zaccaria* which sets forth that he did not agree to the forum selection clause, that the employment "arrangement" he referred to in the e-mails attached to Hooper's Declaration did not contemplate a forum selection clause, that the dispute over the notice provision was material

to his agreeing to any terms as proposed by Attwater and that indeed agreements had been proposed by Attwater in the past which did not include a forum selection clause. It is respectfully submitted that if Plaintiffs objection to the consideration of Hooper's Declaration is not sustained, that Plaintiffs be allowed to submit Zaccaria's Certification as a Sur-Reply.

Finally, if Hooper's Delcaration is considered, Plaintiffs submit that it further demonstrates the need for jurisdictional discovery in this matter, as the e-mails attached between Hooper and Zaccaria as exhibits include reference by Zaccaria to his recruiting for "EE's in NJ" on behalf of Attwater. As set forth in Zaccaria's Certification, EE is the title of a position known as "Energy Engineer" for which Zaccaria was recruiting for projects in New Jersey, and the EE position was a hard position to recruit for due to the low supply of qualified candidates and the high level of technical expertise required for the position. *See Zaccaria Certification.* This supports Plaintiffs' arguments regarding the high level of contacts that the Defendants had in New Jersey.

We, therefore, respectfully request that Your Honor should not accept the Declaration of Hooper in consideration of the pending motion, or, in the alternative, accept the Certification of Zaccaria attached hereto as a Sur-Reply.

Thank you Your Honor for your consideration and attention to this matter. If you have any questions, please do not hesitate to contact this firm at the above address.

Respectfully submitted,

Kenneth Rosellini

Cc: Greg A. Dadika, Esq. (via facsimile)
Kenneth J. Ashman, Esq. (via facsimile)
Jay R. McDaniel, Esq. (via facsimile)

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
(VICINAGE OF NEWARK)

Kenneth Rosellini, Esq.
Hallock & Cammarota, LLP
600 Valley Road, Suite 101
Wayne, New Jersey 07470
(973) 692-0001
*Attorneys for Plaintiffs, Christopher H. Knierim and
Jack P. Zaccaria*

| | |
|---|---|
| KNIERIM, et. al<br><br>    Plaintiffs,<br><br>vs.<br><br>SIEMENS CORP., et. al<br><br>    Defendants. | Docket No. 06-4935 (JCL)<br><br>**CERTIFICATION OF JACK P. ZACCARIA IN SUR-REPLY TO REPLY FILED BY DEFENDANTS' IN SUPPORT OF MOTION FOR DISMISSAL AND CHANGE OF VENUE** |

I, Jack P. Zaccaria, do hereby certify as follows:

1. I am one of the Plaintiffs in the above captioned case;

2. I did not agree to a forum selection clause with Attwater Blue Corporation during the relevant time period.

3. When I referred to leaving "the arrangement as is for right now" via e-mail on or about August 8, 2006 I was referring to the "at will" employment relationship and the agreement for compensation then existing, and not to any agreement including a forum selection clause.

4. Furthermore, the written notice provision was a material provision to me signing any written agreement with

Attwater, and I certainly would not have agreed to a forum selection clause if the agreement did not contain a notice provision.

5. In addition, Attwater and I had contemplated written agreements prior to the negotiations for a written agreement in the summer of 2006, including agreements which did not contain a forum selection clause. See attached **Exhibit A**, which is a true and accurate copy of a Letter of Intent proposed agreement between Attwater and myself to govern our business relationship.

6. In fact, there were other e-mails in the line of correspondence set forth in Hooper's Declaration, including the e-mail dated July 3, 2006 (a true and accurate copy of which is attached hereto as **Exhibit B**), and the written agreement attached to Hooper's Declaration was not attached to any of the e-mails referred to in Hooper's Declaration.

7. Finally, in the subject e-mail dated July 31, 2006, I state "Got to go, working EE's in NJ and Mass."

8. "EE" Energy Engineers, which is the title of a position that I was recruiting for Attwater in New Jersey, and which is one of the hardest positions to recruit for in the industry for Siemens, due to the low supply and technical expertise required.

9. The EE positions are $80,000 to $100,000 a year positions and were being recruited for New Jersey and Massachusetts projects.

I certify that the forgoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:    March 26, 2007

_____
Jack P. Zaccaria

# EXHIBIT A

## Letter of Intent

Beginning January 1ˢᵀ 2006, the first day of the fiscal year, Jack Zaccaria (Jack) will enter a new agreement with Attwater Blue Corporation. Jack will continue working under his existing agreement until the new contract begins.

Jack will assume the title of Director of Recruiting effective November 7, 2005, and will provide overall leadership in managing the SBT Sourcing Center. A full job description will be provided but will be closely based on previous discussions. The roles and responsibilities may be subject to change as we grow and expand the company.

Jack will have support managing the Sourcing Center (SC) from Mark Dillon and Jeff Hooper. Mark will continuously work with the SC, while it may be necessary for Jeff Hooper to support Ben Raue on other projects.

Ben Raue will continue to transition duties to Jack but will always play a role with managing the customer relationship. But the direction of the Sourcing Center will be chartered by Jack Zaccaria.

For managing the SC and supporting the overall goals of the company, Attwater will pay a monthly disbursement to Jack in the amount of $15,000. Jack will be eligible for a base increase at the end of each year of our agreement.

Jack will earn a quarterly bonus based on NET earnings from all non SBT Sourcing Center (SC) business development activities. This bonus includes any SBT activity not directly related to the SC. Therefore, Jack would be eligible for payment for the Contract Personnel Attwater has provided to SBT.

NET earning will be fully defined before the start of each new contract and will be based on prior discussions as all earnings minus overhead. Overhead is only anticipated to be the additional cost of recruiting resources as necessary – most likely researches. Almost all fixed costs will fall under the Sourcing Center budget as discussed. Any time directly billed by Jeff Hooper and/or Ben Raue outside of the SC will be part of overall NET earnings.

You will be eligible for payment for any existing Attwater activities beginning January 1, 2006.

The Profit Sharing plan for non SBT SC activities will have the following terms:

10% of NET profits for fiscal year 2006
15% of NET profits for fiscal year 2007
20% of NET profits for fiscal year 2008
25% of NET profits for fiscal year 2009

Again, the profit from these activities will be paid quarterly.

You will receive a detailed quarterly financial report (Quickbooks) outlining all billings and profits. Our Accountant will provide information as requested and will be made accessible to the Management Team. All Accounting information is confidential and only shared amongst the Management Team. Any confidential information shared amongst any entity outside of the Management Team would be considered a breach of contract.

After January 1, 2009, you will be made a Full Equity Partner and have full ownership privileges as defined in our shareholders agreement.

Should Attwater be sold to a third party, you will assume the same percentage of ownership of the company as listed in the profit sharing plan (or less should a fifth or more partners be added).

You will have a voice in any decision that would relate to the addition of future profit sharing or equity partners.

Should it be necessary to end the relationship between Attwater and Jack during the course of the first year of this agreement for poor performance, failure to meet contract obligations or any other reason, Attwater will provide thirty (30) days notice. Should Jack decide to leave Attwater prior to the end of this agreement, he will be obligated to give Attwater thirty (30) days notice.

Should Jack be terminated for any reason between the dates of January 1, 2007 and December 31, 2008, a severance payment in the amount of $25,000 will be made as long as there has not been a breach of contract. You will receive all other payments due on a prorated basis from the Sourcing Center and non SBT SC activities at that time.

Jack will be on-site in Attwater offices for no less than 12 business days per month to manage the SBT Sourcing Center for the first 6 months beginning November 7, 2005. Jack will be expected to work no fewer than forty-five (45) hours per week. Should Jack fail to meet this obligation, he will forfeit all NET bonus earnings for that quarter.

For the remaining 5 months of the SBT SC contract for 2006, it will be expected that Jack be on-site in Attwater offices for no less than 8 business days per month to manage the SBT Sourcing Center. Attwater will need flexibility with Jack's schedule as it relates to training and meeting special client requests.

Jack will manage travel time with Mark Dillon who will also be obligated to be on-site in Attwater offices.

Jack will be eligible for vacation and holiday pay.

For 2006, the following days are paid:

January 2 – The day after New Years
May 29 – Memorial Day
July 4 – Independence Day
September 4 – Labor Day
November 23 – Thanksgiving
November 24 – Thanksgiving
December 25 – Christmas
December 26 – Christmas

2 Personal Days

2 Weeks Vacation

Any additional time off would be deducted from your monthly payment.


Jack Zaccaria                           Date


Ben Raue                                Date

# EXHIBIT B

**From:** Jeff Hooper [mailto:jeff.hooper@attwatercorp.com]
**Sent:** Monday, July 03, 2006 5:12 PM
**To:** jpzac@optonline.net
**Cc:** 'Mark Dillon'; 'Ben Raue'
**Subject:** Contract

Jack - Nice talking with you again. I really do hope this works. No question in my mind that you know what we are looking for in your efforts and you know our overall goal with this project.

New contract attached. We can move forward and expand our agreement if we all stay on the same page.

I did not make any changes to your prior non-compete but that issue has been what has kept me from forwarding this document. We are currently reviewing how we manage our own data security etc.. And may soon adapt new rules. We can discuss this issue directly - hope to have answers soon...

With you starting on a Thurs and Attwater shutting down on Monday and Tuesday - we can just combine the days for the first full week.

Would want to hear from Dillon on best approach to issues like PCR, email, etc...

Talk with you on Wednesday. Hope you are enjoying a few days off.


Jeff

<<...>>


*Jeff Hooper*

*Attwater Corporation*
*2020 East Algonquin Road*
*Suite 309*
*Schaumburg, IL. 60173*
*Office: 847-303-5294*
*Fax: 847-993-0600*